JAMES V. KNIGHT, Appellant, *v.* AMERICAN GREYHOUND RACING ASSOCIATION, INC., Respondent.

Supreme Court, Appellate Term, First Department, May 22, 1929.

*McAuliffe & Mishell* [*Louis Mishell* of counsel], for the appellant.

*Louis B. Stillman*, for the respondent.

BIJUR, J. Defendant was promoting a greyhound race meet. On June 14, 1928, it engaged plaintiff in writing to " direct the promotion, publicity and advertising of the greyhound races at Dongan Hills, Staten Island, which we are to conduct starting in mid July next * * *. You are to receive a salary of $250 weekly, beginning with the week beginning Thursday, June 14, and concluding with the conclusion of the Greyhound Races above-mentioned subject, however, to this proviso:

" That in the event the Race Meet continues 30 days or more, you are to receive a bonus of not less than $500 in addition to the weekly payments above-mentioned.

" Your signature hereto will confirm our understanding of this arrangement.

" It is understood that this agreement is cancellable at any time upon one week's notice in writing from us."

On August ninth defendant wrote to plaintiff that it had decided to exercise the option to terminate the contract as of August sixteenth and tendered a check for an amount comprising the weekly compensation up to that date. The races started on July twenty-seventh and were still in progress at the date of the trial, September 29, 1928. In my opinion the only reasonable construction of the agreement is that the cancellation at the option of the defendant was intended to refer solely to the payment of the weekly compensation and that the payment of the bonus was intended to depend exclusively on whether the racing meet was successful, namely, continued thirty days. Any other interpretation, it seems to me (where the option to terminate was left exclusively with the defendant), would produce a result so inequitable as to exclude it from consideration. Furthermore, this is not one of the ordinary cases in which bonuses are provided for permanent employees payable at the end of a fiscal year providing the employee is then in the employ of the defendant. This agreement contemplated no permanent employment and required no prolonged continuity of service. Moreover, the very nature of the services engaged was that of advertising and preparing for the meet. As a matter of common sense, the extra compensation of $500 would naturally be made dependent upon the success of plaintiff's efforts as evidenced by a continuance of the meet. Whether plaintiff was actually in the employ of the defendant at the time of the meet was as a matter of business wholly negligible.

Judgment reversed, with thirty dollars costs, and judgment directed for plaintiff as prayed for in the complaint, with costs.

BIJUR and CALLAHAN, JJ., concur; PETERS, J., dissents.